FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JAN 29 A 11: 38

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS LIVINGSTON MOORE. | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-14-0083 |
| PRINCE GEORGE'S COUNTY DEPARTMENT OF CORRECTIONS, *et al.*, | * | |
| Respondents | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| THOMAS LIVINGSTON MOORE | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-14-0084 |
| PRINCE GEORGE'S COUNTY DEPARTMENT OF CORRECTIONS, *et al.*, | * | |
| Respondents | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

The above-captioned cases, filed by Thomas Livingston More, a self-represented pretrial detainee, seek his release from confinement and the dismissal of state criminal charges pending against him. ECF Nos. 1. The complaints are filed against the same defendants/respondents, raise identical claims, arise from the same event, and seek identical damages. As such, consolidation for review purposes is appropriate.

Petitioner alleges he was denied his rights under the Fourth Amendment when he was not served with a warrant, warrant application, or affidavit of his accuser at the time and place of his arrest. *Id.* He also alleges that his Fifth Amendment rights have been violated in that he has not

received "due process of law due to a conflict of interest in the lower court. Counsel for the plaintiff is a party to the proceeding. The lower court is receiving inadmissible evidence." *Id.*

Petitioner is currently confined in the Prince George's County Department of Corrections awaiting trial on the criminal charges pending against him which are also the subject of the instant case. *Id.* In *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned, and complaints containing such claims must therefore be dismissed without prejudice. *See also Edwards v. Balisok,* 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). Civil Action No. JKB-14-0084 was filed as a civil rights action. To the extent petitioner seeks monetary damages, his claims for damages cannot be entertained by this court as he has not yet stood trial.

Petitioner's request for dismissal of the charges against him is also not properly before this court. Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana,* 816 F.2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). The alleged errors raised by petitioner in the instant case may be addressed by the trial court. Thus, the petition must be dismissed without prejudice.

A separate order will issue.

DATED this 28 day of January, 2014.

BY THE COURT:

James K. Bredar
United States District Judge